RECEIVED

MAR 31 2006

AT 8:30_____M
WILLIAM T. WALSH
           CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAWN SULLIVAN, ARRIGOTTI FINE JEWELRY and JAMES WALNUM, on behalf of themselves and all others similarly situated,

                Plaintiffs,

v.

DB INVESTMENTS, INC., DE BEERS S.A., DE BEERS CONSOLIDATED MINES, LTD., DE BEERS A.G., DIAMOND TRADING COMPANY, CSO VALUATIONS A.G., CENTRAL SELLING ORGANIZATION, and DE BEERS CENTENARY A.G.,

                Defendants.

Civil Action No. 04-2819 (SRC)

[PROPOSED] ORDER MODIFYING THE ORDER DATED NOVEMBER 30, 2005 GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

        WHEREAS, several class actions were filed in various federal and state courts against DB Investments, Inc., De Beers S.A., De Beers Consolidated Mines, Ltd., De Beers A.G., Diamond Trading Company, Ltd., CSO Valuations A.G., Central Selling Organization, Central Holdings Ltd. and De Beers Centenary A.G. (hereinafter "Defendants"); and

        WHEREAS, on November 8, 2005, the plaintiffs in the *Sullivan*, *Hopkins*, *Cornwell* and *Null* actions entered into a settlement agreement with De Beers S.A. ("De Beers") to resolve the claims asserted in those actions, which settlement was presented to the United States District Court for the District of New Jersey, the Honorable Stanley R. Chesler, presiding; and

        WHEREAS, on November 30, 2005, Judge Chesler entered the "Order Conditionally Certifying Settlement Class and Granting Preliminary Approval of Class Action Settlement" (hereinafter the "November 30 Order"), which Order, *inter alia*, conditionally certified a settlement class (as modified below, the "Indirect Purchaser Class") consisting of indirect purchasers of diamond products during the class period, preliminarily approved the

proposed settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointed counsel for the settlement class, and approved the referral of certain specified matters to a Special Master for consideration and recommendation to the Court; and

WHEREAS, on December 2, 2005, Judge Chesler entered the "Stipulation and Order of Reference to the Honorable Alfred M. Wolin as Special Master," referring certain specified matters to the Special Master pursuant to Rules 23, 53 and 54 of the Federal Rules of Civil Procedure; and

WHEREAS, on February 7, 2006, the parties to the November 8, 2005 settlement agreement and the plaintiffs in the *Leider* action entered into the "First Addendum to the Sullivan Settlement Agreement" ("First Addendum") to resolve the *Leider* action in accordance with the terms of the November 8, 2005 settlement agreement as amended by the First Addendum; and

WHEREAS, the parties to the First Addendum and the plaintiffs in the *Anco* and *British Diamond* actions wish to amend the November 8, 2005 settlement agreement to include and resolve the claims asserted in the *Anco* and *British Diamond* actions; and

WHEREAS, the Plaintiffs and De Beers, by and through their counsel of record, have entered into the settlement of these litigations, the terms of which are set forth in the Amended Settlement Agreement dated March 24, 2006; and

WHEREAS, Counsel for the Settlement Classes have requested an order certifying a settlement class consisting of direct purchasers of diamond products during the class period (the "Direct Purchaser Class"), modifying the Indirect Purchaser Class definition, appointing counsel for the Direct Purchaser Class and preliminarily approving the terms and conditions of the Settlement as set forth in the Amended Settlement Agreement and attached Appendices; and

WHEREAS, the Court has read and considered the Amended Settlement Agreement and has determined that an inquiry should be made as to the fairness, reasonableness and adequacy of the proposed settlement, and good cause appearing therefore;

IT IS HEREBY ORDERED as follows:

1. The terms and conditions of the Amended Settlement Agreement are expressly incorporated herein by this reference. As used herein, any defined words or terms shall have the same meaning as defined in the Amended Settlement Agreement.

2. The Amended Settlement Agreement is hereby preliminarily approved pursuant to Rule 23 of the Federal Rules of Civil Procedure, subject to further consideration thereof at the hearing on final settlement approval provided for below. The Court finds that the proposed settlement falls within the range of possible approval and is sufficiently fair, reasonable and adequate to warrant the dissemination of notice to the members of the proposed classes apprising them of the proposed settlement.

3. Professor Eric D. Green and Judge Nicholas H. Politan (Ret.) served as settlement mediators, facilitating the arm's-length, serious and informed negotiation of the proposed settlement between experienced and knowledgeable counsel.

4. For the purposes of this Settlement only, a "Direct Purchaser Class" consisting of:

> all natural persons and legal entities located in the United States who purchased any Gem Diamond directly from a Defendant or Defendants' Competitors (including any entity controlled by or affiliated with any such party) from September 20, 1997 to the date of settlement class certification. The class shall exclude Defendants, the officers, directors or employees of any Defendant, any entity in which any Defendant has a controlling interest, any affiliate of any Defendant, Defendants' Competitors, any person or entity which is or was a Sightholder for the time period(s) during

3

> which such person or entity had Sightholder status, any federal, state or local governmental entity, and any judicial officer presiding over this Settlement, and any member of the judicial officer's family and court staff

is hereby conditionally certified, pending final approval of the Settlement herein.

5. For the purposes of this Settlement only, the "Indirect Purchaser Class" conditionally certified in the November 30 Order is hereby modified, and pending final approval of the Settlement herein consists of:

> all natural persons and legal entities located in the United States who purchased any Diamond Product from January 1, 1994 to the date of settlement class certification, provided that any purchases of any Gem Diamond made directly from a Defendant (including any entity in which any Defendant has a controlling interest and any affiliate of any Defendant) or Defendants' Competitors (including any entity controlled by or affiliated with any such party) shall be excluded. The class shall also exclude Defendants, the officers, directors or employees of any Defendant, any entity in which any Defendant has a controlling interest, any affiliate of any Defendant, any federal, state or local governmental entity, and any judicial officer presiding over this Settlement, and any member of the judicial officer's family and court staff.

6. For the purposes of this Settlement only, there will be two subclasses of the Indirect Purchaser Class consisting of:

> (i) The "Indirect Purchaser Reseller Subclass." All persons and entities in the Indirect Purchaser Class who purchased any Diamond Product for resale; and
>
> (ii) The "Indirect Purchaser Consumer Subclass." All persons and entities in the Indirect Purchaser Class who purchased any Diamond Product for use and not for resale.

7. For purposes of Paragraph 4 and 5 above, the phrase "located in the United States" means:

  (i) For the Direct Purchaser Class, resided in or purchased in the United States during the Direct Purchaser Class Period;

  (ii) For the Indirect Purchaser Class, purchased in the United States during the Indirect Purchaser Class Period and resides in the United States on the date the Notice of Settlement is approved by the Court; and

  (iii) For both Settlement Classes, "reside in" means: for a natural person, maintained a place of residence; for a non-natural person or entity, was organized and existed under the laws of any state or territory in the United States or maintained a place of business in the United States.

8. For the purposes of this Settlement only, the Court appoints as Counsel for the Direct Purchaser Class:

Jared B. Stamell
STAMELL & SCHAGER, LLP
One Liberty Plaza, 35th Floor
New York, NY 10006
Telephone: (212) 566-4047
Facsimile: (212) 566-4061

Robert A. Skirnick
MEREDITH COHEN GREENFOGEL & SKIRNICK, PC
One Liberty Plaza, 35th Floor
New York, NY 10006
Telephone: (212) 240-0020
Facsimile: (212) 240-0021

Edward W. Harris, III
SOMMER BARNARD ATTORNEYS PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: (317) 713-3500
Facsimile: (317) 713-3699

9. Except as modified by this Order, all provisions of the November 30 Order remain in full force and effect.

10. As determined by the Court in the November 30 Order with respect to the Indirect Purchaser Class, solely within the context of and for the purposes of settlement, the Court finds with respect to the Direct Purchaser Class that this action is properly maintained as a class action pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, and that: (a) the members of the Direct Purchaser Class are so numerous that joinder would be impracticable; (b) there are questions of law or fact which are common to the members of the Direct Purchaser Class, and those common questions predominate over individual questions; (c) the named Plaintiffs' claims are typical of the claims of the absent members of the Direct Purchaser Class; (d) the named Plaintiffs have and will fairly and adequately represent the interests of the absent members of the Direct Purchaser Class; (e) Counsel for the Direct Purchaser Class are experienced and will adequately represent the interests of the Direct Purchaser Class; and (f) this class action is superior to any other available method for the fair and efficient adjudication of the controversy.

11. On December 2, 2005, the Court appointed the Honorable Alfred M. Wolin as Special Master, pursuant to Rules 23, 53 and 54 of the Federal Rules of Civil Procedure, and referred the following matters relating to the Indirect Purchaser Class for his consideration and recommendation to the Court:

    a. Division of the Indirect Purchaser Settlement Fund as between the Indirect Purchaser Reseller Subclass and the Indirect Purchaser Consumer Subclass;

    b. The plan for dissemination of the Notice of Settlement (the "Notice Plan") and the proposed forms of Notice of Settlement;

    c. The method and entitlement, if any, for members of the Settlement Classes to file claims to share in the settlement proceeds and/or alternative proposals for disbursement of the settlement proceeds; and

    d. The amount of incentive awards, if any, to be awarded to the named Plaintiffs and the amount of attorneys' fees, expenses and costs to be awarded to Counsel for the Settlement Classes.

The Court's Order of Reference will be amended to reflect that the reference of the issues identified in subparagraphs (b) through (d) above will also apply to the Direct Purchaser Class.

    12. As determined by the Court in the November 30 Order, the Special Master has the discretion to conduct proceedings as he chooses to assist him in issuing one or more report and recommendations on the above matters. In his discretion, the Special Master may request briefing and/or the submission of expert opinion(s) and conduct hearings and work with counsel in any way he determines is most effective to prepare his report(s) for the Court. The Special Master shall submit his report(s) and recommendations to the Court for consideration on such date(s) as may be set by the Court. The Special Master's fee shall be paid from the Aggregate Settlement Fund. Any outcome from the Special Master proceedings will not constitute an event giving rise to the right of termination provided in Section VII(A) of the Amended Settlement Agreement.

    13. As determined by the Court in the November 30 Order with respect to the Indirect Purchaser Class, any putative member of the Direct Purchaser Class will have the right to exclude himself, herself or itself from the Direct Purchaser Class and the Settlement should he, she or it choose to do so. All persons and entities within the Direct Purchaser Class who

submit valid and timely requests for exclusion from the Direct Purchaser Class shall not have any rights under the Amended Settlement Agreement and shall not be bound by the Amended Settlement Agreement or the Final Judgment and Order if the proposed Settlement is finally approved by the Court. All persons and entities within the Direct Purchaser Class who do not submit valid and timely requests for exclusion from the Direct Purchaser Class shall be bound by the Amended Settlement Agreement and by the Final Judgment and Order if the proposed Settlement is finally approved by the Court.

14. The Court will hold a hearing on final approval of the proposed Settlement to consider: (a) the fairness, reasonableness and adequacy of the Settlement; (b) the dismissal with prejudice of this and any other action against the Defendants that is pending in this Court containing the same or similar allegations to those alleged in this action, and brought on behalf of the members of the Settlement Classes certified by this Order; and (c) the entry of the Final Judgment and Order in this action. A hearing is also appropriate for the Court to determine the amount to be awarded to Counsel for the Settlement Classes in attorneys' fees for their services to the Settlement Classes in this litigation and reimbursement of costs, and to allow adequate time for Counsel for the Settlement Classes to submit their application for attorneys' fees and reimbursement of costs.

15. Any member of the Settlement Classes who has not timely requested exclusion may appear at the final approval hearing and show cause why the Court should not approve the proposed Settlement and dismiss the actions with prejudice as to the Defendants, and may appear at the hearing to support or oppose Counsel for the Settlement Classes' application(s) for attorneys' fees, expenses and costs; provided, however, that no member of the Settlement Classes shall be heard unless his, her or its objection or opposition is made in writing, signed by each individual member of the Settlement Classes so objecting, and is filed, together

with any papers or briefs in support of such objections, with the Diamonds Antitrust Litigation Settlement Administrator no later than the date to be fixed by the Court for putative members of the Settlement Classes to exercise their right to exclude themselves from the Settlement Classes. All such written objections and papers shall be sent by first-class mail, postage prepaid, to the Diamonds Antitrust Litigation Settlement Administrator. The objection shall include: (a) the complete name and residence or business address of the individual member of the Settlement Classes so objecting (giving the address of any lawyer who represents the member of the Settlement Classes is not sufficient); (b) a statement, signed under penalty of perjury by the objecting member of the Settlement Classes, that the member of the Settlement Classes purchased Diamond Products during the Class Period; and (c) each ground for comment or objection and any supporting papers the member of the Settlement Classes desires the Court to consider.

16. All proceedings in the *Leider*, *Anco* and *British Diamond* actions and any other action against the Defendants that is pending in this Court containing the same or similar allegations to those alleged in this action, and brought on behalf of the members of the Settlement Classes certified by this Order, are hereby stayed, except as otherwise required to effectuate the terms of the Amended Settlement Agreement, until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the proposed Settlement, enters the Final Judgment and Order as provided in the Amended Settlement Agreement. The plaintiffs in related cases pending in the California and Arizona state courts are parties to the Amended Settlement Agreement and have requested the respective courts to stay those actions. It is desirable to maintain this related litigation under the sole jurisdiction of this Court to facilitate resolution of the remaining judicial issues related to the Parties' Amended Settlement Agreement and to resolve all of the claims of the Settlement Classes.

17. In the event the Amended Settlement Agreement is terminated, then: (a) this Order shall have no force or effect, and all negotiations, proceedings, and statements made in connection with the Amended Settlement Agreement shall be without prejudice to the right of any persons or entities; (b) the Parties expressly reserve all of their rights and preserve all applicable defenses; (c) this and any related actions shall revert to their respective procedural and substantive status prior to the date of execution hereof, and shall proceed as if the Amended Settlement Agreement, and all other related orders and papers, had not been executed; and (d) in order to ensure that no Party is prejudiced by the passage of time, any motions filed in this and any related actions after the Amended Settlement Agreement is rendered null and void shall be deemed filed on the date of execution of the Amended Settlement Agreement.

18. Neither this Order nor the Amended Settlement Agreement shall constitute any evidence or admission of liability by the Defendants, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Amended Settlement Agreement or terms of this Order. All matters leading up to or related to the settlement are confidential settlement communications inadmissible under Rule 408 of the Federal Rules of Evidence, and any and all other applicable federal and state laws.

Dated: April 31, 2006

The Honorable Stanley R. Chesler
United States District Judge