<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SULLIVAN, et al., | Hon. Stanley R. Chesler, U.S.D.J. |
| plaintiff, |  |
|  | Civil Action No. 04-2819 |
| v. |  |
|  | **OPINION** |
| DB INVESTMENTS, INC., et al., |  |
| defendants. |  |

**<u>CHESLER, District Judge</u>**

**I.     INTRODUCTION**

This matter comes before the Court on the motion by the Jewelers Vigilance Committee ("JVC") for leave to intervene as a third-party plaintiff as of right under Fed. R. Civ. P. 24(a)(2) or permissively under Fed. R. Civ. P. 24(b)(2). [Docket Entry No. 63.] Both plaintiffs and defendants oppose this motion. For the reasons that follow, the JVC's motion is **DENIED**.

**II.    BACKGROUND**

On June 14, 2004, plaintiffs initiated this class action on behalf of persons and businesses in the United States who purchased polished diamonds directly or indirectly from defendants, who market such diamonds, alleging violations of federal and state antitrust, consumer protection, and deceptive trade practices laws. On September 23, 2005, the Clerk of the Court entered default against defendant De Beers S.A. and other defendants for failure to plead. Notwithstanding the default, the parties entered into a settlement agreement [Docket Entry No.

34] and, on November 29, 2005, the Court entered an Order Conditionally Certifying Settlement Class and Granting Motion for Preliminary Approval of Class Action Settlement [Docket Entry No. 33].

The JVC filed the instant motion on March 2, 2006. [Docket Entry No. 63.] The JVC is a non-profit trade association of jewelry retailers, wholesalers, suppliers, and manufacturers. (Declaration of Cecilia L. Gardner ("Gardner Decl."), ¶ 2.) It states that its goal is to "advance the ethics and integrity of the entire jewelry industry . . . ." (Id.) JVC's members, about 9,000 in number, include members of the reseller subclass (Gardner Decl., ¶2) and, therefore, JVC argues it has a strong interest in protecting these members' right to "receiv[e] a fair share of the recovery to which they are entitled." (JVC's Brief at 1.) The JVC does not claim to have jewelry consumers as members.

On March 30, 2006, as a result of continued settlement negotiations, the parties entered into an Amended Settlement Agreement, which the Court preliminarily approved [Docket Entry No. 98]. The Court further appointed the Hon. Alfred M. Wolin U.S.D.J. (Ret.) as Special Master to resolve certain disputes, including issues involving class notice and settlement allocation among the plaintiff subclasses. [Docket Entry No. 97.]

In its Order preliminarily approving the Amended Settlement Agreement, the Court granted class certification, for the purpose of settlement only, to two plaintiff classes: the Direct Purchaser Class and the Indirect Purchaser Class. (See Court's Order dated March 31, 2006, ¶¶ 4 & 5.) The Direct Purchaser Class are U.S. persons or legal entities that bought Gem Diamonds, as defined in the agreement, from the defendants or their competitors from September 20, 1997 to the date of settlement class certification. (Id., ¶ 4.) The Indirect Purchaser Class includes all

U.S. persons or legal entities that bought Gem Diamonds from the defendants or their competitors from January 1, 1994 to the date of settlement class certification, other than members of the Direct Purchaser Class.  (Id., ¶ 5.)  The Indirect Purchaser Class is divided into two subclasses:  the "Indirect Purchaser Reseller Subclass," consisting of resellers; and the "Indirect Purchaser Consumer Subclass," consisting of buyer who purchased Gem Diamonds for use, and not for resale.  (Id., ¶ 6(i)-(ii).)  The Direct Purchaser Class, the Indirect Purchaser Reseller Subclass, and the Indirect Purchaser Consumer Subclass are all represented by separate counsel.  (See, e.g., Amended Settlement Agreement at 37, part VIII(N).)

### III.     MOTION TO INTERVENE

The JVC argues that it should be permitted to intervene as of right pursuant to Rule 24(a)(2) because (1) its motion is timely  (JVC's Brief at 6-7); (2) given that many of its members are also members of the "reseller subclass," the JVC has an interest in the action (id. at 7-8); (3) its members could be adversely affected by the distribution of settlement proceeds, injunctive relief, and inartfully drafted class notices (id. at 9); (4) its interests are not adequately represented by class counsel because no lawyer represents the JVC's members or "the jewelry industry as a whole;" (id. at 10); and (5) given the conflict of interest between the consumer and reseller subclasses, and the JVC's core goal of promoting the interests of both jewelry consumers and resellers, it is positioned to provide valuable input to the Court (id. at 11-12).  Alternatively, the JVC argues the Court should permit it to intervene under Rule 24(b)(2) because of its unique role in the jewelry industry and the absence of prejudice or delay to existing parties.  (Id. at 12.)  It argues intervention should be liberally granted in class actions.  (Id. at 13.)

Plaintiffs and defendants both oppose this motion.  Plaintiffs argue the motion is

procedurally flawed because the JVC inappropriately seeks to intervene as a "third-party plaintiff" under Rule 14 in that it is not "as defending party" seeking to assert a claim against a third-party; and the JVC failed to submit a proposed pleading setting forth the claim for which intervention is sought as required under Rule 24.  (Plaintiffs' Opposition Brief at 2.)

Plaintiffs further argue that the JVC's motion does not satisfy the considerations for intervention as of right under Rule 24(a)(2).  Specifically, they argue the motion should be denied because (1) it will delay the proceedings (id. at 3); (2) the JVC never purchased of diamonds, has no standing to assert claims, and, therefore, has no interest in the litigation (id. at 5-6); (3) its self-avowed "interest" – namely conflicts between the subclasses, injunctive relief affecting diamond supply, and joint ventures in the jewelry industry – are the interests of the existing and represented class members (id. at 7); (4) the JVC's concern over inartfully drafted class notice should be allayed by the experienced class counsel and the Special Master who are tasked with crafting such notices (id.); (5) class counsel is competent and adequately represents the interests of the entire class members and the "jewelry industry as a whole" is not an absent class member (id. at 7-8); (6) the "conflicts of interest" that JVC cites are remedied by each conflicting party (consumers and resellers) having separate class counsel and, since JVC purports to represent the interests of both subclasses, it would be subject to the same hypothetical conflict (id. at 8-9); and (7) JVC has made no showing that its concerns cannot be conveyed through counsel for the Indirect Purchaser Reseller Subclass (id. at 9).

Third, they argue the JVC's alternative application for permissive intervention under Rule 24(b) should be denied because the JVC has no existing claim that presents common questions of law or fact.  (Id. at 9-10.)

Defendants advance many of the same arguments in opposition to the JVC's motion, and essentially argue (1) there is no "collective interest" that is not being represented; (2) JVC fails to identify any protectible interest of those not represented; and (3) allowing JVC to intervene to advance the interests of the "jewelry industry as a whole" would be to allow it to act on behalf of (a) persons that are not members of the organization, (b) JVC members who may or may not be class members, and (c) class members who are not JVC members. (See DeBeers's Opposition Brief at 5-18.) They argue permissive intervention would frustrate the goals of Rule 23, and that the JVC can achieve its goals without intervention by observing the litigation and providing its view to class counsel. (Id. at 18-19.)

In its reply, the JVC largely rehashes the arguments in its opening brief. It argues for a more liberal reading of Rule 24 than that espoused by the parties and requests that, should the Court deny its motion, it be granted amicus curiae status. (Reply at 2.)[1]

## IV.     DISCUSSION

Federal Rule of Civil Procedure 24(a) provides in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately

---

[1] In response to the JVC's request to be granted amicus curiae status, DeBeers submitted a letter requesting that the Court disregard this request, which is made for the first time in the JVC's reply papers, or alternatively allow further briefing on the issue. [Docket Entry No. 95.] The Court will deny the JVC's application in the alternative because (1) it is inappropriately raised for the first time in its reply papers, see, e.g., Fellenz v. Lombard Inv. Corp., 400 F. Supp. 2d 681, 683-84 (D.N.J. 2005) (refusing to address arguments that appear for the first time in a party's reply brief); and (2) as discussed herein, the submissions before the Court present no basis to grant such an application.

represented by existing parties.

Thus, to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), a movant must show (1) the motion is timely; (2) it has sufficient interest litigation in the litigation, (3) its ability to protect this interest could be impaired in the absence of intervention, and (4) the prospective intervenor's interest is not adequately represented by existing parties. In re Community Bank of N. Va., 418 F.3d 277, 314 (3d Cir. 2005).

Federal Rules of Civil Procedure Rule 24(b) allows for permissive intervention and provides in relevant part:

> Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Like intervention as of right, timeliness is a consideration under Rule 24(b). Brody v. Spang, 957 F.2d 1108, 1124 (3d Cir. 1992); see also Hoots v. Pennsylvania, 672 F.2d 1133, 1136 (3d Cir. 1982) ("[W]here, as here, the interests of the applicant match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be undue."). Applying these considerations, the Court concludes that the JVC's motion does not present an adequate basis to allow intervention under either Rule 24(a) or (b).

First, the motion is untimely. This lawsuit has been pending since June of 2004. The JVC knew or should have known about its purported interest in this lawsuit since that time, yet,

was content to allow plaintiffs' counsel to take the laboring oar up to this point. Default has been entered as to the defendants and a class certification motion has been pending since April of 2005. Through the protracted negotiations between the parties, a settlement in principle has been reached and the Court has approved both the settlement and the Amended Settlement Agreement. The Special Master is currently considering certain issues that remain between the subclasses. The JVC's failure to make its application earlier weighs heavily against allowing intervention. The delay also suggests a lack of interest on the part of the JVC. Had there been interests on the part of the organization or its members that had not previously been represented, the Court would expect that any application to intervene to protect that interest be promptly brought. That is not the case here and, therefore, the Court finds the instant application untimely.

Second, trade organizations have only been permitted to intervene where their members were not adequately represented by the class. See, e.g., Kleisser v. United States Forest Serv., 157 F.3d 964 (3d Cir. 1998) (permitting trade association of hardwood purchasers that were unrepresented in the litigation to intervene in environmental group's lawsuit against the government that would restrict logging the very logs they purchased); Sierra Club v. Glickman, 82 F.3d 106 (5th Cir. 1996) (permitting trade association of farmers who were unrepresented in the litigation to intervene in an action by an environmental organization to limit the amount of water that farmers pumped from an aquifer); Sierra Club v. Espy, 18 F.3d 1202 (5th Cir. 1994) (permitting trade association for timber purchasers who were not represented in the litigation to intervene in action by environmental group that might affect timber sales). In each of these cases, the trade association's members were not represented in the litigation. Here, the parties whose interests the JVC purports to protect – consumers and resellers – are both represented and

each have been appointed counsel.  The JVC has presented no authority for the proposition that a trade association may intervene under such circumstances.

While members of the JVC may have an interest, and indeed may be class members, there is no indication that the organization itself has an interest in the litigation beyond those already represented.  The Court is mindful that a trade association may bring suit on behalf of its members in certain circumstances.  Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333 (1977) (holding an association assert a claim on behalf of its members if its members would otherwise have standing to sue in their own right, the interests it seeks to protect are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit).  In this case, however, the Court finds the JVC has demonstrated no interest that is not duplicative of those of its members, who are already members of the reseller subclass.

The JVC's argument regarding the conflict between the subclasses is unavailing.  Each subclass in this case is represented by its own counsel who are vigorously asserting their own interests – namely what portion of the settlement proceeds should be allotted to them – before the Special Master.  The Court is, therefore, satisfied that these conflicts are being handled in a way that fosters fairness and opportunity for each subclass to be heard.  Even if the Court considered this conflict one that required some further intervention, the JVC would be ill suited for the task; indeed, the conflict presents a further reason that it should not intervene.  The JVC, which purports to represent the jewelry industry as a whole, including the interest of consumers and resellers, embodies this conflict within one trade organization (composed largely of jewelry resellers), represented by one law firm.  Incidentally, while the JVC purports to promote

consumers' interests (JVC's Brief at 11) it is not at all clear that this industry trade organization counts any consumers among its members. In short, it does not appear that the JVC could adequately advance the interests of either the Consumer Subclass or the Reseller Subclass.

The Court is further unmoved by the JVC's concern regarding the adequacy of class notices in this case. First, the JVC has not demonstrated that the class notices present a risk of harm to the industry as a whole. Second, assuming such a risk existed, the JVC has not demonstrated that it is especially suited to guard against such risk. Third, counsel for the subclasses, defense counsel, and the Special Master will all have the opportunity to review and comment on the content of class notices. Fourth, this Court exercises approval authority of any such notices. Finally, the JVC has the opportunity, either directly or through its members, to provide input to class counsel regarding the content of class notices. For these reasons, the Court rejects the JVC's "class notice" argument.

## V. CONCLUSION

For all these reasons, the JVC's motion is **DENIED**.


Dated: April 5, 2006

                                      /s/Stanley R. Chesler
                                      United States District Judge