NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAWN SULLIVAN, ARRIGOTTI FINE JEWELRY and JAMES WALNUM, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

DB INVESTMENTS, INC., DE BEERS S.A., DE BEERS CONSOLIDATED MINES, LTD., DE BEERS A.G., DIAMOND TRADING COMPANY, CSO VALUATIONS A.G., CENTRAL SELLING ORGANIZATION, and DE BEERS CENTENARY A.G.,

    Defendants.

Civil Action No. 04-2819 (SRC)

**OPINION & ORDER**

**CHESLER**, District Judge

    This matter comes before the Court upon the motion to enforce the Settlement Agreement filed by Defendant De Beers S.A. ("De Beers"). For the reasons that follow, the motion will be granted in part and denied in part.

    Briefly, the background to this motion is as follows. On May 22, 2008, this Court entered Final Judgment in this case (the "Sullivan case"), granting final approval to the class action settlement, memorialized in the Amended Settlement Agreement (the "Agreement"). In the section titled "Miscellaneous Provisions," the Agreement states:

> (D)   No Consent to Jurisdiction. Except with respect to enforcement of this Settlement Agreement, the Parties expressly agree that this Settlement Agreement and all acts incidental to or in implementation of it are without

>prejudice to the position of the Defendants that they are not subject to the jurisdiction of the courts of the United States. Counsel for the Settlement Class shall not refer to this Settlement Agreement, its implementation, any one or more acts taken or required in connection with its implementation, or any aspect of its implementation in any judicial or administrative proceeding as constituting a waiver or consent to jurisdiction, or as constituting an act or acts sufficient to establish jurisdiction of the courts of the United States over any of the Released Parties.

(Sunshine Decl. Ex. 1 § VIII(D).)

There are no disputes over the pertinent facts. Counsel for the Direct Purchaser Settlement Class in this case, Jared Stamell and Stamell & Schager LLP ("Stamell"), has also been counsel for Plaintiff[1] in Angela Tese-Milner v. Diamond Trading Company Ltd., No. 04-CV-5203, pending before Judge Wood in the district court of the Southern District of New York (the "Tese-Milner case"). Defendants in Tese-Milner filed motions to dismiss the complaint on jurisdictional grounds. On April 8, 2008, Stamell sent Judge Wood a letter in which he argued, inter alia, that the then-pending Sullivan settlement agreement might moot a motion to dismiss for lack of personal jurisdiction because, under the Agreement, Defendants would submit to federal court jurisdiction in New Jersey. (Sunshine Decl. Ex. 3.) On June 9, 2008, Judge Wood entered an Order which noted, inter alia, that the Sullivan settlement had received final approval in the District of New Jersey and that the Tese-Milner Court had received letters indicating a dispute over the implications of the Sullivan settlement approval for the Tese-Milner Court's personal jurisdiction over the Tese-Milner defendants. (Sunshine Decl. Ex. 4.) Judge Wood Ordered supplemental briefing on this and one other issue. (Id.) The Tese-Milner defendants submitted an opening brief and a reply brief. Stamell submitted an opposition brief which

---

[1] Plaintiff Angela Tese-Milner is Chapter 7 Trustee of the Estate of W.B. David & Co., Inc., which did not opt out of the Sullivan settlement.

argued, inter alia, that the <u>Tese-Milner</u> litigation should be transferred to the District of New Jersey because "the District of New Jersey already has jurisdiction over the parties." (Sunshine Decl. Ex. 8.) On January 22, 2009, Judge Wood issued an Opinion and Order in which the Court rejected Stamell's position, finding that the <u>Sullivan</u> defendants had consented to jurisdiction in the District of New Jersey for the sole purpose of effectuating the settlement. <u>Tese-Milner v. De Beers Centenary A.G.</u>, 2009 U.S. Dist. LEXIS 4898 at *32-*33 (S.D.N.Y. Jan. 22, 2009).

On August 4, 2008, De Beers filed the instant motion, contending that, in making the abovementioned personal jurisdiction arguments in <u>Tese-Milner</u>, Stamell breached the provisions of § VIII(D) of the Agreement. De Beers sought payment for the damage it suffered: attorneys' fees incurred in the <u>Tese-Milner</u> supplemental briefing as well as in the instant motion to enforce the settlement.

In opposition, Stamell contends that there was no breach, relying on the enforcement exception language in the Agreement. Stamell observes that § VIII(D) begins with the phrase: "Except with respect to enforcement of this Settlement Agreement . . ." Stamell is correct that this language creates an exception which allows the settling parties to argue in litigation that the District of New Jersey established jurisdiction over the parties, and that this exception is limited to litigation to enforce the Agreement. The problem for Stamell is that he has not persuaded this Court that either the <u>Tese-Milner</u> litigation as a whole, or any of his acts within that litigation arguing that the District of New Jersey had established jurisdiction over the parties, was undertaken to enforce the Agreement.

A settlement "agreement should be construed consistently with fundamental precepts of contract construction." <u>Halderman v. Pennhurst State Sch. & Hosp.</u>, 901 F.2d 311, 318 (3d Cir.

1990).  "The agreement memorializes the bargained for positions of the parties and should be strictly construed to preserve those bargained for positions." Id. at 319.  "[T]he meaning of a settlement agreement should initially be discerned by looking to the four corners of the agreement itself.  An agreement is unambiguous when it is reasonably capable of only one construction." Marwood v. Elizabeth Forward Sch. Dist., 93 Fed. Appx. 333, 336 (3d Cir. 2004) (citation omitted).

> The language of § VIII(D) of the Agreement is clear and unambiguous:
>
> Counsel for the Settlement Class shall not refer to this Settlement Agreement, its implementation, any one or more acts taken or required in connection with its implementation, or any aspect of its implementation in any judicial or administrative proceeding as constituting a waiver or consent to jurisdiction, or as constituting an act or acts sufficient to establish jurisdiction of the courts of the United States over any of the Released Parties.

(Sunshine Decl. Ex. 1 § VIII(D).)  There is no dispute between the parties over the interpretation of this language.  In Stamell's arguments in the Tese-Milner litigation, Stamell clearly referred to the Settlement Agreement as constituting an act sufficient to establish jurisdiction of a court of the United States over a Released Party.  There is no basis to conclude that he did so for the allowed purpose of enforcing the Settlement Agreement.[2]  Stamell's breach of the Agreement is clear.

Stamell contends that the "Agreement does not prohibit citing the Final Judgment's jurisdictional findings."  (Pls.' Opp. Br. 1.)  As De Beers aptly replies, this is a distinction without a difference.  The Agreement says that Counsel shall not "refer" to the Settlement

---

[2] Nothing in Judge Wood's Opinion of January 22, 2009 suggests that that Court understood Stamell to be seeking to enforce the Settlement Agreement.  Furthermore, as De Beers notes, the Tese-Milner case was filed before the Agreement was drafted, and it deals primarily with claims which are not covered by the Agreement.

4

Agreement as constituting an act sufficient to establish jurisdiction. There is no question that Stamell did just that when he argued to the Tese-Milner Court about the jurisdictional implications of the Agreement. Stamell fails to escape the broad scope of the word "refer" in § VIII(D).

Under New Jersey contract law, "a party who breaches a contract is liable for all of the natural and probable consequences of the breach of that contract." Totaro, Duffy, Cannova and Co., L.L.C. v. Lane, Middleton & Co., L.L.C., 191 N.J. 1, 13 (2007) (quoting Pickett v. Lloyd's, 131 N.J. 457, 474 (1993)). The attorneys' fees incurred in the supplemental briefing of the jurisdictional issue for Judge Wood were a direct result of Stamell's breach, and this Court will grant in part De Beers' motion and award De Beers damages in the amount of the attorneys' fees incurred for the supplemental briefing. This Court denies De Beers' request for attorneys' fees for the instant motion. Once De Beers has by affidavit submitted evidence of the attorneys' fees incurred for the supplemental briefing, this Court will determine the amount of damages and enter an Order awarding them.

For these reasons,

**IT IS** on this 6th day of April, 2009

**ORDERED** that Defendant's motion to enforce the Settlement Agreement (Docket Entry No. 338) is **GRANTED** in part and **DENIED** in part.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

DATED: April 6, 2009