<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN SULLIVAN, ARRIGOTTI FINE JEWELRY and JAMES WALNUM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DB INVESTMENTS, INC., DE BEERS S.A., DE BEERS CONSOLIDATED MINES, LTD., DE BEERS A.G., DIAMOND TRADING COMPANY, CSO VALUATIONS A.G., CENTRAL SELLING ORGANIZATION, and DE BEERS CENTENARY A.G.,<br><br>Defendants. | Civil Action No. 04-2819 (SRC)<br><br>**OPINION & ORDER** |

<u>**CHESLER**</u>, District Judge

    This matter comes before the Court upon the motion to enforce the Stipulated Protective Order by Defendant De Beers S.A. ("De Beers"). For the reasons that follow, the motion will be denied.

    In brief, the background to this motion is as follows. On November 21, 2006, the Stipulated Protective Order ("SPO") was entered in this case. The SPO places certain restrictions on an expert retained by De Beers in this case, Dr. Gary French. On May 22, 2008, this Court approved a settlement agreement and entered Final Judgment in this case. Subsequently, Dr. French served as an expert in diamond litigation in Canada. On March 26, 2010, De Beers filed the instant motion.

De Beers contends that Dr. French has breached the SPO on two grounds: 1) Dr. French has breached a provision which bars him from appearing in diamond litigation for one year after the completion of his services in this case; and 2) Dr. French has breached a provision which bars him from using De Beers' confidential information outside this litigation.

As to the first issue, it appears that Dr. French appeared in the Canadian litigation on or around March 1, 2010, the date on which he signed the affidavit which accompanied the expert report submitted in that litigation. (Sunshine Decl. Ex. 16.) De Beers has not presented any evidence that Dr. French appeared in the Canadian litigation before this date. In view of the fact that this Court entered Final Judgment in this case in May of 2008 – and De Beers has not contended that Dr. French has played any role in the instant case since that date – this Court finds that Dr. French has not breached the one-year restriction by his involvement in the Canadian litigation in 2010.

As to the second issue, De Beers contends that Dr. French used confidential information provided by De Beers in the preparation of the report he submitted in the Canadian litigation. Because De Beers has alleged a breach of one of this Court's Orders, this Court applies the legal requirements for finding civil contempt:

> A plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order.

Marshak v. Treadwell, 595 F.3d 478, 485 (3d Cir. 2009). In arriving at this decision, this Court held an evidentiary hearing at which Dr. French testified on July 13, 2010, and also received supplementary post-hearing briefing.

2

De Beers has failed to demonstrate at all, let alone by clear and convincing evidence, that Dr. French used its confidential information in preparing the report submitted in the Canadian litigation. While it is true that substantial portions of the report submitted by Dr. French in the Canadian litigation (the "Canadian Report") appear to have been taken from work done by Dr. French in the instant case, De Beers has failed to show that Dr. French used confidential information in preparing these sections. The cross-examination of Dr. French at the hearing did not show that there were specific items in the Canadian Report that were not available from public sources. Rather, the evidence supports the conclusion that Dr. French used publicly available information to write the Canadian Report.

Nor do De Beers' briefs point to specific items of confidential information used by Dr. French in preparing the Canadian Report. In fact, the supplementary brief submitted by De Beers shows it backing down substantially from its initial assertions in this regard. The main argument in the supplementary brief contends that Dr. French developed an "elasticities" approach while working with De Beers' confidential information, and that he then used this approach in his work on the Canadian Report. Even if this is true, this does not appear to constitute a breach of the SPO. De Beers has not argued, let alone proven, that the elasticities approach itself is its proprietary information. Nor has De Beers persuaded this Court that the elasticities approach manifests the use of its confidential information.

Dr. French argues that this situation resembles that in the case of <u>Go-Video v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)</u>, 10 F.3d 693, 695 (9th Cir. 1993). In that case, the Ninth Circuit stated:

> Because Go-Video's lawyers cannot achieve total amnesia and all their

3

> subsequent work in antitrust litigation against the defendants (and perhaps anyone else) would be informed by what they learned during discovery in the 1987 suit, the order would prohibit them from representing Go-Video at all in the 1990 litigation. Indeed, lawyers who learn from and use their experience obtained in discovery under such an order would have to change fields, and never do antitrust work again, lest they "use" what they learned in a prior case "in any way whatsoever" in any "other action."

Id. The Ninth Circuit's point applies here. The SPO does not require Dr. French to achieve total amnesia with regard to his work in this case. Nor does it prevent him from ever doing any work as an expert in diamond litigation ever again. The evidence suggests that Dr. French conceived a set of economic concepts, comprising the elasticities approach, during his work in the instant case. This set of concepts appears to be his work product, and not confidential information belonging to De Beers. While De Beers' dismay that Dr. French reused his work product in another case is understandable, De Beers has not shown that the elasticities approach is its confidential information, as opposed to Dr. French's work product. While the elasticities approach may be the product of Dr. French's work in this litigation, it does not appear to be in itself confidential information.

The final section of De Beers' supplementary brief provides three examples of statements made by Dr. French in the Canadian Report that "appear to have come from Confidential Information." (De Beers' Supp. Br. 14.) Yet these examples appear both *de minimis* and unpersuasive as evidence of the use of confidential information. In first example, regarding paragraph 14, it is difficult to believe that Dr. French needed confidential information to make the statement that De Beers relies on its customers for market information. Similarly, in the third example, regarding paragraph 48, it is difficult to believe that Dr. French needed confidential information to make the statement that De Beers used consumer surveys in its pricing. As to the

second example, regarding paragraph 16, this Court takes judicial notice of the fact that De Beers' publicly available Wikipedia page discloses very similar information about Bain & Co., the strategic review they performed, and the resultant Supplier of Choice initiative.[1]  De Beers has not persuaded this Court that these items evidence a breach of the SPO.

De Beers has failed to persuade this Court that Dr. French's work in the Canadian litigation constitutes a breach of the Stipulated Protective Order.  The motion to enforce the protective order will be denied.

For these reasons,

**IT IS** on this 27th day of August, 2010

**ORDERED** that Defendant's motion to enforce the Stipulated Protective Order (Docket Entry No. 388) is **DENIED**.

       s/ Stanley R. Chesler
       STANLEY R. CHESLER
       United States District Judge

---

[1] Wikipedia, http://en.wikipedia.org/wiki/De_Beers (viewed August 26, 2010.)