UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| SHAWN SULLIVAN, et al., on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Civil Action Index No. |
| -against- | 04-02819 (SRC) |
| DB INVESTMENTS, INC., et al., | *Electronically Filed* |
| Defendants. | |

---

**[PROPOSED] ORDER APPROVING DISTRIBUTION OF THE INDIRECT PURCHASER RESELLER SUBCLASS NET SETTLEMENT FUND TO AUTHORIZED RESELLER CLAIMANTS AND REIMBURSEMENT OF ADDITIONAL EXPENSES INCURRED BY CLASS COUNSEL**

Before this Court is plaintiffs' motion for entry of an order authorizing distribution of the Indirect Purchaser Reseller Subclass Net Settlement Fund to Authorized Reseller Claimants, in connection with the $295 million settlement with defendants De Beers S.A. and certain of its affiliates. Plaintiffs by their motion also seek reimbursement of certain out-of-pocket expenses incurred during the extensive appeals that followed this Court's order granting final approval to the settlement.

Upon consideration of plaintiffs' motion and supporting declarations,

**IT IS HEREBY ORDERED:**

1. Claims filed by Reseller Subclass members after the claims filing deadline of May 19, 2008 ("Late Claims"), but on or before February 28, 2012, are hereby accepted and eligible for payment from the Reseller Subclass Net Settlement Fund, provided they have otherwise been determined to be eligible for payment.

2. The Court approves and adopts the administrative recommendation of the claims administrator, Rust Consulting, Inc. ("Rust"), concerning rejection of deficient and ineligible claims, as set forth in the Declaration of Daniel Coggeshall dated July 16, 2012. The Court finds that Rust has carried out the claims administration process in a reasonable manner and consistent with orders of this Court. Rust has offered claimants reasonable notice of claim deficiencies and an opportunity to cure them.

3. The Court directs distribution of the Reseller Subclass Net Settlement Fund according to the Plan of Allocation approved by this Court and consistent with this Distribution Order. The Court authorizes Rust to distribute payments to Authorized Reseller Claimants via a two-step distribution. Authorized Reseller Claimants will receive approximately 85 percent of their payments during an initial distribution and the remaining amount they are entitled to during a second distribution, but all Authorized Reseller Claimants whose second distribution would be less than $25 will receive 100 percent of their payments during the initial distribution. The Court finds that the two-step distribution is reasonable, will prevent any further delay in payments to Authorized Reseller Claimants, and is in the best interests of the Reseller Subclass.

4. The Court authorizes payment of $33,648.17 to Rust for claims administration fees and expenses incurred and outstanding to date. Of this amount, $3,604.06 is to be paid from the Direct Purchaser Settlement Fund and $30,044.11 from the Indirect Purchaser Settlement Fund.

5. The Court authorizes plaintiffs to reserve $92,515 for payment of future claims administration expenses that Rust and class counsel reasonably expect will be incurred in connection with administering Reseller Subclass member claims.

6. The Court authorizes plaintiffs to reserve $5,938.04 for the payment of accounting/tax return preparation services related to the escrow account holding the Reseller Subclass Net Settlement Fund.

7. The Court approves reimbursement of expenses incurred by Class Counsel in the aggregate amount of $403,994.93. These expenses are to be paid proportionally from both the Indirect Purchaser Settlement Fund and the Direct Purchaser Settlement Fund, with $373,181.76 being paid out of the Indirect Purchaser Settlement Fund and $30,813.17 being paid out of the Direct Purchaser Settlement Fund.

8. This Court retains continuing jurisdiction over the administration and distribution of the settlement proceeds.

Dated: _____

STANLEY R. CHESLER
UNITED STATES DISTRICT JUDGE